## ROBERT MITCHELL *vs.* THOMAS SHANLEY.

An action on the Rev. Sts. *c.* 104, may be maintained by a mortgagee in possession after entry to foreclose, against one who has entered in a peaceable manner but without right, and afterwards holds possession by force.

ACTION on the Rev. Sts. *c.* 104. Writ dated June 13th 1856. The exceptions taken by the defendant at the first trial were sustained. 12 Gray, 206.

320320 · SUFFOLK.

At the second trial in the superior court of Suffolk at January term 1859, the plaintiff gave in evidence a mortgage from Michael Mitchell and John Connell to Lyman Mitchell in 1850; assignments thereof from Lyman Mitchell to Mary Burroughs, and from her to Francis C. Head in 1851; a certificate of Head's entry to foreclose in 1853; and a deed from Head to the plaintiff in 1855. The defendant gave in evidence a mortgage from Edward Kehoe to John Connell in 1853; a mortgage from Kehoe to John McGee in 1854; assignments from Connell and McGee, and a deed from Kehoe to the defendant, in 1855. All these were duly recorded.

The plaintiff also introduced evidence tending to show that Head and the plaintiff were in possession of the premises, receiving rents for five years previously, and in the summer of 1855 the plaintiff repaired the buildings, fastened up the houses, and put up notices to let, and that the defendant in the fall of 1855 took possession peaceably without the knowledge of the plaintiff.

*Nash,* J. instructed the jury, " that if Head and his assignee, the plaintiff, with good title, were in possession of the premises by their agents and tenants, and the plaintiff cleared out the tenants and shut the buildings up, with notice to let, and whilst they were so unoccupied the defendant, without title, though under *bona fide* claim of title, made a peaceable entry, such entry would be unlawful; and if subsequently the defendant held possession by force against the plaintiff and without title, such holding of the possession by force would be unlawful and the defendant liable, and that the mortgagee's assignee in possession, after entry to foreclose, could maintain the process, if, before the expiration of the three years the defendant made a peaceable entry and unlawfully held the possession by force." The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*N. St. J. Green,* for the defendant.

*O. Stevens,* for the plaintiff.

MERRICK, J. It is said by the court in the case of *Saunders* v. *Robinson,* 5 Met. 343, that there are three well defined cases in

which the summary process by way of complaint before a justice of the peace for forcible entry and detainer, under the provisions of § 2 of *c.* 104 of the Rev. Sts. may be availed of. One of these cases is where an entry is made upon the real estate of another person in a peaceable manner by a party who has no right or authority to do so, and who thereafterwards holds and maintains his possession of the premises by force. Upon that principle it is plain that, upon the facts stated in the bill of exceptions, the present suit may well be maintained, and that the verdict returned for the plaintiff ought to be affirmed and established. The defendant's only claim to the estate of which possession is demanded was derived from Edward Kehoe, and Kehoe does not appear to have had any title to it whatever. On the contrary, it is shown that Head, who held under a mortgage made by Michael Mitchell and John Connell to Lyman Mitchell, many years prior to the earliest attempt at conveyance by Kehoe, was in actual possession of the premises, taking the rents and profits thereof, when he assigned the mortgage to the plaintiff. After this assignment the plaintiff in like manner held the estate, exercising all the rights of an owner of it, up to the time when the defendant made his entry thereon. Under such circumstances, the entry of the defendant upon the premises was an act of trespass in violation of the rights of the plaintiff, and his subsequent possession was tortious and unlawful. It is immaterial that he erroneously supposed that Kehoe had a right to make a conveyance to him. His misapprehension upon that subject gave him no right whatever as against the plaintiff; and his entry upon the estate was no less a trespass against the true owner of the estate than it would have been if he had proceeded without setting up any claim or pretence of title. The instructions of the court were to this effect. The defendant, therefore, has no just cause of exception to any of the rulings or instructions which were given at the trial. *Exceptions overruled.*